IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

JOHN R. BOSS,

    Plaintiff,

vs.

DARUSS ENTERPRISES, INC., d/b/a
PROSHIELD FIRE & SECURITY,
an Iowa Corporation, and
RUSSELL HOTCHKISS,

    Defendants.

CASE NO. 17-CV-2026-LTS

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES

COME NOW, the Defendants, Daruss Enterprises, Inc., d/b/a Proshield Fire & Security, an Iowa Corporation, and Russell Hotchkiss, by and through their undersigned counsel, and for their Answer and Affirmative Defenses state as follows:

## JURISDICTION:

1. That the Defendants admit the allegations contained in paragraph 1.

2. That the Defendants admit the allegations contained in paragraph 2.

## THE PARTIES:

3. That the Defendants admit the allegations contained in paragraph 3.

4. That the Defendants admit the allegations contained in paragraph 4.

5. That the Defendants admit the allegations contained in paragraph 5.

6. That the Defendants admit the allegations contained in paragraph 6.

## COUNT I:
## BREACH OF FIDUCIARY DUTY
## UNDER ERISA

7. That the Defendants re-incorporate paragraphs 1 through 6 of this Answer as though fully set forth herein.

1

8. That the Defendants admit the allegations contained in paragraph 8.

9. That the Defendants admit the allegations contained in paragraph 9.

10. That the Defendants admit the allegations contained in paragraph 10.

11. That the Defendants admit the allegations contained in paragraph 11.

12. That the Defendants admit the allegations contained in paragraph 12.

13. That the Defendants deny the allegations contained in paragraph 13.

14. That the Defendants deny the allegations contained in paragraph 14.

15. That the Defendants deny the allegations contained in paragraph 15.

16. That the Defendants deny the allegations contained in paragraph 16.

17. That the Defendants deny the allegations contained in paragraph 17.

18. That the Defendants admit the allegations contained in paragraph 18 and affirmatively state that Defendants have been working with the United States Department of Labor to determine the amount of lost earnings due plus interest.

19. That the Defendants deny the allegations contained in paragraph 19.

20. That the Defendants deny the allegations contained in paragraph 20.

WHEREFORE, the Defendants pray that this Court dismiss Count I, with the costs of this action assessed against the Plaintiff, and for such other and further relief as the Court deems just and equitable.

## COUNT II:
## CONVERSION

21. That the Defendants re-incorporate paragraphs 1 through 20 of this Answer as though fully set forth herein.

22. That the Defendants admit the allegations contained in paragraph 22.

23. That the Defendants admit the allegations contained in paragraph 23 that Defendants have not timely paid all wages withheld from Plaintiff's wages into a fund for Plaintiff's benefit under Daruss Enterprises' Simple IRA plan. The Defendants deny the remaining allegations contained in paragraph 23.

24. That the Defendants deny the allegations contained in paragraph 24.

25. That the Defendants deny the allegations contained in paragraph 25.

26. That the Defendants deny the allegations contained in paragraph 26.

27. That the Defendants deny the allegations contained in paragraph 27.

WHEREFORE, the Defendants pray that this Court dismiss Count II, with the costs of this action assessed against the Plaintiff, and for such other and further relief as the Court deems just and equitable.

## COUNT III:
## VIOLATION OF THE IOWA WAGE PAYMENT COLLECTION ACT, IOWA CODE CHAPTER 91A

28. That the Defendants re-incorporate paragraphs 1 through 27 of this Answer as though fully set forth herein.

29. That the Defendants admit the allegations contained in paragraph 29.

30. That the Defendants admit the allegations contained in paragraph 30 that Defendants have not timely paid all wages withheld from Plaintiff's wages into a fund for Plaintiff's benefit under Daruss Enterprises' Simple IRA plan. The Defendants deny the remaining allegations contained in paragraph 30.

31. That the Defendants deny the allegations contained in paragraph 31.

32. That the Defendants deny the allegations contained in paragraph 32.

33. That the Defendants deny the allegations contained in paragraph 33.

WHEREFORE, the Defendants pray that this Court dismiss Count III, with the costs of this action assessed against the Plaintiff, and for such other and further relief as the Court deems just and equitable.

### AFFIRMATIVE DEFENSES

1. That by way of affirmative defense, Defendants assert that Counts I, II, and III of Plaintiff's Complaint fail to state a claim upon which relief may be granted.

2. That by way of affirmative defense, Defendants assert the Counts II and III are preempted by ERISA as alleged in Count I of Plaintiff's Complaint pursuant to 29 U.S.C. § 1144(a).

WHEREFORE, the Defendants pray that this Court dismiss Plaintiff's Complaint, with the costs of this action assessed against the Plaintiff, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BEECHER, FIELD, WALKER, MORRIS,
HOFFMAN & JOHNSON, P.C.
Attorneys for Defendants
620 Lafayette St., Suite 300
P.O. Box 178
Waterloo, IA 50704
Phone: (319) 234-1766
Fax: (319) 234-1225
E-MAIL: tverhulst@beecherlaw.com
jtalsma@beecherlaw.com

By _____
Thomas C. Verhulst    AT0008125

By _____
Jordan M. Talsma    AT0012799

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 11, 2017, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following counsel of record for Plaintiff:

    Erin Lyons: lyonse@wloolaw.com

                                           Thomas C. Verhulst

                                           Jordan M. Talsma

5

Case 6:17-cv-02026-LTS-KEM   Document 4   Filed 07/11/17   Page 5 of 5